**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 12 2013, 6:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUSAN D. RAYL**
Smith Rayl Law Offices
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLY SAVOY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1301-CR-14 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben Hill, Judge
Cause No. 49F18-1112-FD-90488

**August 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Billy Savoy ("Savoy") appeals his conviction, after a bench trial, for theft, a Class D felony.[1]

We reverse.

ISSUE

Whether Savoy's convictions for theft and criminal mischief violate Indiana's Double Jeopardy clause.[2]

FACTS

On December 30, 2011 at approximately 1:39 a.m., Officer James Barrow ("Officer Barrow") with the Indianapolis Metropolitan Police Department was dispatched to 4440 South High School Road on a report of a theft in progress. When Officer Barrow arrived at the scene, he shut off his lights and sirens and approached on foot so he would not alert any suspects to his presence. While approaching on foot, Officer Barrow noticed a dark-colored vehicle in the parking lot across the street from 4440 South High School Road. Officer Barrow testified at trial that he patrols the area regularly and noticed the dark-colored vehicle because the business parking lots are usually empty at that time of night. Officer John Montgomery ("Officer Montgomery") also responded to the scene. As they approached, the officers could hear people talking and metal clanging. The officers walked around a fence and saw Savoy and Richard Jones ("Jones") with

---

[1] Ind. Code § 35-43-4-2.

[2] Savoy does not challenge his criminal mischief conviction on appeal. We discuss the criminal mischief charge only in the context of whether convicting Savoy of it and theft violates double jeopardy principles.

tools in their hands. Savoy and Jones were standing next to a disassembled air conditioner and a pile of copper pipes. The officers ordered Savoy and Jones to the ground and they complied. Once Savoy and Jones were in custody, the officers contacted dispatch to request a detective. Detective Mark Howard ("Detective Howard") went to the scene and interviewed Savoy. After being read his *Miranda* rights, Savoy stated that he was down on his luck and needed money. Savoy also told Detective Howard that he had never done anything like this before and that he thought the building was empty. The car Officer Barrow noticed on his initial approach was driven to the scene by Savoy. Inside, officers found additional copper pipes on the backseat floorboard.

On January 3, 2012, the State charged Savoy with theft and criminal mischief, both as Class D felonies.[3] Savoy waived his right to a trial by jury, and the trial court conducted a bench trial on November 19, 2012. The trial court found Savoy guilty on both counts, and on December 10, 2012, sentenced Savoy to two (2) years in the Department of Correction, with one (1) year suspended to probation.

## DECISION

Savoy argues that the trial court violated Indiana's Double Jeopardy Clause by convicting him of theft and criminal mischief. Specifically, he alleges that the State used the same evidence to obtain the convictions. The State responds that conviction for both offenses is proper because separate evidence supports the convictions and "[Savoy] caused harm separate from and greater than the harm necessary to commit criminal mischief." (Appellee's Br. 8).

---

[3] Jones was charged with the same crimes as Savoy. Jones pled guilty and was sentenced to the Department of Correction.

3

Our Supreme Court established the following test for deciding double jeopardy claims:

> [T]wo or more offenses are the same offense in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphasis in original). "[U]nder the *Richardson* actual evidence test, the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or several, but not all, of the essential elements of a second offense." *Guyton v. State*, 771 N.E.2d 1141, 1142 (Ind. 2002). For a successful double jeopardy claim under the *Richardson* actual evidence test, "a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id*. at 53. On appeal, in determining the facts used by the fact-finder, it is appropriate for a reviewing court to examine the evidence presented, the charging information, arguments of counsel, and any other factors that may have guided the fact-finder in making a decision. *See Goldsberry v. State*, 821 N.E.2d 447, 459 (Ind. Ct. App. 2005). We review *de novo* whether a defendant's convictions violate our double jeopardy provision. *Id*. at 458.

In claiming a violation of the *Richardson* actual evidence test, Savoy essentially claims that the manner in which the State charged and argued the case created a reasonable possibility that the trial court used the same evidence to establish the essential

4

elements of both offenses. We addressed a similar argument in *Alexander v. State*, 768 N.E.2d 971 (Ind. Ct. App. 2002), *trans. denied*. In that case, the trial court convicted Alexander of unlawful possession of a firearm by a serious violent felon and carrying a handgun without a license. Alexander was a passenger in a car, sitting next to two handguns. In analyzing the trial court's rationale for conviction, we found that there was a reasonable possibility that the judge found Alexander guilty of both firearm offenses for possessing one of the firearms. *Id*. at 978. In addition, the charging information for the firearms charges tracked with the statutory language and referred to a "handgun," rather than charging a different handgun for each offense. To that end, we noted that "the general nature of the charging information, and the broad, non-specific way the case was prosecuted and argued militates in favor of finding that there is a reasonable possibility that the same evidence was used to establish an essential element of one offense and all of the essential elements of the other offense." *Id*.

Here, as in *Alexander*, the State charged and prosecuted Savoy in a very general way. With regard to the charge of criminal mischief, the State charged that "Billy Savoy, did without the consent of Larry Berns, recklessly or knowingly damage that person's property, to wit: air conditioning unit by cutting the unit apart for scrap metal." (App. 18). With regard to the theft charge, the State alleged that "Billy Savoy did knowingly exert unauthorized control over the property, to wit: air conditioner unit parts, of another person, to wit: Larry Berns, with the intent to deprive the person of any part of its value or use." (App. 17). The State made the following closing argument:

Thank you Your Honor. Your Honor the Defendant is charged with two crimes here, Theft as a Class D felony and Criminal Mischief as a Class D felony. Your Honor, the testimony you have heard today from the officers, both officers say they rounded the corner, saw the Defendant, saw tools, saw a piece of metal part that we have photographs of . . . taken a part of this air conditioner Your Honor. Additionally Officer Howard testified that part . . . that metal parts were all taken out of the car that the Defendant, even his own admission admits that he was driving that night and was in possession of. Mr. Berns testified that no one had permission to take these items or take apart this air conditioner. He is the only owner of it . . . he and his wife and that the loss of it was $42,000, well above the $2500.00 necessary for this Judge. Your Honor the State believes that the Defendant is guilty of theft when you add all those pieces of evidence in.

(Tr. 49).

We can infer that the "metal parts" the State is referring to in its argument are the copper pipes. As charged and argued, in order for Savoy to exert unauthorized control over the copper pipes in committing theft, he had to cut them out of the air conditioner, essentially committing the criminal mischief at the same time.[4] On appeal, the State contends that the pipes found in the car is the separate evidence distinguishing the theft from the criminal mischief. This argument asks that we assume that Savoy and Jackson took some copper pipes to the car and returned to the air conditioner for more. We would be required to accept this inference under a review for sufficiency of evidence to sustain Savoy's conviction. However, under a *de novo* review for double jeopardy, we are not required to do so. Moreover, the State presented no evidence, i.e. photographs of the pipes in the car or statements from Savoy or Jones, proving the pipes in Savoy's car came from the air conditioner. Additionally, the trial court simply entered a finding of guilty

---

[4] Had the State been more specific in charging and arguing a separate act of criminal mischief, i.e. damaging the outer cover of the air conditioner that encloses the pipes, convicting Savoy for subsequently taking the pipes inside of the air conditioner would be permissible under our double jeopardy laws.

on both counts without stating its reasons, leaving us to speculate whether the trial court made this inference. Finally, we previously rejected the State's argument that causing more harm than necessary to complete an offense separates it from another charged offense for double jeopardy purposes. *See Troutner v. State*, 951 N.E.2d 603, 611 (Ind. Ct. App. 2011), *trans. denied*. Based on our ruling in *Alexander*, the failure of the State to clearly delineate separate facts that establish both offenses, and the trial court's lack of specificity in its finding of guilty, Savoy has shown that there is a reasonable possibility that the trial court used the same evidentiary facts to establish the essential elements of theft and criminal mischief.

When two or more convictions violate double jeopardy principles, the remedy, if possible, is to reduce either conviction to a less serious form of the same offense if doing so will remove the violation. *Richardson* 717 N.E.2d at 54. If this cannot be accomplished, one of the convictions must be vacated. *Id*. Here, because there is a reasonable possibility that the same evidence establishes the essential elements of criminal mischief, theft, and any possible lesser included offenses, the appropriate remedy is to vacate one of the convictions. Accordingly, we reverse and remand to the trial court with instructions to vacate Savoy's conviction for theft, leaving, as is, his conviction and sentence for criminal mischief.[5]

Reversed and remanded.

KIRSCH, J., and VAIDIK, J., concur.

---

[5] Savoy also alleged that the State did not present sufficient evidence to convict him of theft. Because we have vacated the conviction, we need not address this argument.

7